UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>SHIT-FONG LO,<br><br>    Defendant. | Case No. 20-cv-06096-PJH  (AGT)<br><br>**REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 17 |

Scott Johnson filed this suit against Shit-Fong Lo, alleging violations of the Americans with Disabilities Act and California's Unruh Civil Rights Act. Johnson alleges that at the times relevant to his complaint, Lo, in his individual capacity and as a trustee of The Chi Chiu Lo Trust, owned the real property located at 1130 Lucretia Avenue, San Jose, California ("Lucretia Plaza"), where Johnson encountered certain parking barriers. Dkt. 1, Compl. ¶¶ 2–3. When Lo did not respond to the complaint, the clerk entered default, and Johnson has now moved for entry of default judgment. Dkts. 16, 17. Judge Hamilton, the district judge presiding over the case, referred Johnson's motion for default judgment to the undersigned for a report and recommendation. That report follows, and with it the recommendation that the motion be granted, with a reduction to the requested statutory damages and attorneys' fees.

## I.    LEGAL STANDARD

Before entering default judgment, a district court must first confirm that it has personal and subject-matter jurisdiction. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Part of this inquiry includes considering whether service of process was adequate, as "[a] federal court does not have [personal] jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688

(9th Cir. 1988).

If jurisdiction is present, the *Eitel* factors are considered to determine if default judgment is warranted. These factors are (1) the possibility of prejudice to the plaintiff if judgment isn't entered, (2) the merits of the plaintiff's claims, (3) the sufficiency of the complaint, (4) the sum of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy in favor of obtaining a decision on the merits. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (citing *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986)). If the *Eitel* factors support default judgment, judgment may be entered in an amount that is supported by the evidence and that does not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

## II. DISCUSSION

### A. Jurisdiction

Johnson's complaint includes claims for violations of Title III of the ADA and California's Unruh Civil Rights Act. *See* Compl. ¶¶ 21–32. The Court has subject-matter jurisdiction over the ADA claim because it arises under federal law, *see* 28 U.S.C. § 1331, and supplemental jurisdiction over the Unruh Act claim because it shares a common nucleus of operative fact with the ADA claim, *see* 28 U.S.C. § 1367(a).

The Court also has personal jurisdiction over Lo because he owns the California real property at issue in this action, Lucretia Plaza. *See* Compl. ¶¶ 2–3; Dkt. 17-7 (public records); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) ("Specific jurisdiction . . . depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.") (simplified). Moreover, the public records submitted with the present motion indicate that Lo resides in California, thus subjecting him to general personal jurisdiction in this Court. *See* Dkt. 17-7 at 3, 25; *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]") (citation omitted).

2

1      Also relevant to personal jurisdiction, the record supports that service on Lo was adequate.[1] A registered process server attempted to personally serve Lo at his listed address, 15 Oakwood Boulevard, Atherton, California, on December 17, December 25, and December 28, 2020. *See* Dkt. 17-7 at 3, 25; Dkt. 14 at 3 (Affidavit of Reasonable Diligence). On the third unsuccessful attempt at personal service, the process server left a copy of the summons and complaint with Lo's mother, Lisa Lo, and informed her of the general nature of the documents. Dkt. 14 at 1 (proof of service). The process server then mailed copies of the same documents to Lo. *Id.* These steps were sufficient to effect substitute service on Lo. *See* Cal. Civ. Proc. Code § 415.20(b) (substitute service on a competent member of a person's household is permitted if followed by mailing a copy of the summons and complaint to the person to be served); Fed. R. Civ. P. 4(e)(1) (permitting service within the district pursuant to California law).

The Court has subject-matter and personal jurisdiction.

**B.** ***Eitel* Factors**

The Court first considers the merits of Johnson's claims and the sufficiency of his complaint and then turns to the other *Eitel* factors. When considering these factors, the allegations in the complaint are taken as true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

**1.     Merits of the Claims and Sufficiency of the Complaint**

Title III of the ADA prohibits discrimination against persons with disabilities in places of public accommodation. *See* 42 U.S.C. § 12182(a). To prevail on a Title III claim, Johnson must show (1) that he is disabled within the meaning of the ADA, (2) that the defendant owns, leases, leases to, or operates a place of public accommodation, and (3) that he was denied public accommodation by the defendant because of his disability. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). The last requirement can be satisfied if the property in question has one or more architectural barriers and their removal is readily achievable. *See Chapman v. Pier 1*

---

[1] Johnson asserts that "personal service was effectuated as reflected in the proof of service," Dkt. 17-1 at 10, but the proof of service indicates that Lo was served via substituted service, *see* Dkt. 14 at 1.

3

*Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (en banc). "[C]ourts have held that 'architectural barriers' are essentially elements that do not meet [the] ADA [Accessibility Guidelines ('ADAAG')]." *Yates v. Bacco*, No. 11-cv-01573-DMR, 2014 WL 1089101, at *4 (N.D. Cal. Mar. 17, 2014) (collecting cases).

Johnson has satisfied these requirements. First, as a quadriplegic, *see* Compl. ¶ 1, he is disabled within the meaning of the ADA. *See* 42 U.S.C. § 12102(1)–(2)(A) (defining "disability" as "a physical or mental impairment that substantially limits one or more major life activities," including "walking"). Second, he alleges that Lo owns the real property at which Lucretia Plaza, a place of public accommodation, is located. *See* Compl. ¶¶ 2–3, 8–9; 42 U.S.C. § 12181(7)(E) (defining a place of "public accommodation" as including a "bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment"). Third, his allegations support that he was denied public accommodation at Lucretia Plaza because of his disability. Johnson alleges that he visited Lucretia Plaza on three occasions, and each time found that the only parking space reserved for persons with disabilities had slopes exceeding 2.1%, in violation of the ADAAG. *See* Compl. ¶¶ 10–17, 23–24; 28 C.F.R. Pt. 36, App. D § 4.6.3 (requiring parking spaces and access aisles to "be level with surface slopes not exceeding 1:50 (2%) in all directions"). An investigator with the Center for Disability Access visited Lucretia Plaza in August 2020 and confirmed that the single offered accessible parking space was not ADA compliant due to slopes exceeding 2.1%. *See* Dkt. 17-5, Marquis Decl. ¶¶ 2–4; Dkt. 17-6 (photos).

Johnson further alleges that the lack of a wheelchair accessible parking space deters him from returning to Lucretia Plaza, and that the identified barriers are "easily removed without much difficulty or expense" and are "the types of barriers identified by the Department of Justice as presumably readily achievable to [be] remove[d]." Compl. ¶¶ 18–19. Federal regulations provide a non-exclusive list of steps to remove barriers, including "[c]reating designated accessible parking spaces," 28 C.F.R. § 36.304(b), and courts have also observed that the listed items are "examples of readily achievable steps to remove barriers," *Johnson v. Altamira Corp.*, No. 16-cv-05335-NC, 2017 WL 1383469, at *3 (N.D. Cal. Mar. 27, 2017), *adopted*, No. 16-cv-05335-LHK, 2017 WL 1365250 (N.D. Cal. Apr. 14, 2017). Moreover, at the default judgment stage, numerous courts in this district

4

have found allegations similar to Johnson's sufficient to meet the "readily achievable" element of Title III. *See Johnson v. Garlic Farm Truck Ctr. LLC*, No. 20-cv-03871-BLF, 2021 WL 2457154, at *6 (N.D. Cal. June 16, 2021) (collecting cases).

Johnson has sufficiently alleged a violation of Title III of the ADA. And because conduct that violates the ADA also violates the Unruh Act, *see* Cal. Civ. Code § 51(f), both of his claims are pleaded adequately. This supports default judgment.

### 2. Remaining *Eitel* Factors

On balance, the remaining *Eitel* factors also support default judgment. First, Johnson will be prejudiced if default judgment is not entered, as he will have no other means of recourse against Lo. Second, the sum of money at stake ($12,000 in statutory damages under the Unruh Act and $2,921 in attorneys' fees and costs) is not substantial. Third, there is no indication that Lo's default was due to excusable neglect, nor is there evidence of a dispute concerning material facts. Fourth and finally, although decisions on the merits are favored, Lo's failure to answer the complaint has made a decision on the merits unfeasible.

Considered together, the *Eitel* factors weigh in favor of granting Johnson's motion for default judgment.

### C. Remedies

Johnson seeks injunctive and monetary relief, with the monetary relief consisting of $12,000 in statutory damages, $2,076 in attorneys' fees, and $845 in costs, for a total of $14,921. *See* ECF No. 17-1 at 19–27; Dkt. 17-12, Proposed Judgment. As explained below, the requested injunctive relief and costs are warranted, but the undersigned recommends a reduction to the requested statutory damages and attorneys' fees.

### 1. Injunctive Relief

Johnson requests an order requiring Lo to bring the wheelchair accessible parking space at Lucretia Plaza into compliance with the ADAAG. This relief is warranted. *See* 42 U.S.C. § 12188(a)(2) (declaring that affected individuals may obtain "an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities").

5

**2. Statutory Damages**

The Unruh Act allows for statutory damages of $4,000 "based on each particular occasion that the plaintiff was denied full and equal access" to a place of public accommodation. Cal. Civ. Code § 55.56(f); *see id.* § 52(a). Johnson alleges that he visited Lucretia Plaza on three occasions, and he seeks $12,000 in statutory damages based on those three visits. Courts have discretion to award damages for a fewer number of visits; the statute includes permissive language stating that "[s]tatutory damages *may* be assessed . . . based on each particular occasion that the plaintiff was denied full and equal access." *Id.* § 55.56(f) (emphasis added). Indeed, "there would be serious equitable concerns if a plaintiff could rack up statutory damages by visiting an establishment time and time again before filing a lawsuit to claim damages based on each and every one of those visits." *Castillo-Antonio v. Mata*, No. 21-cv-00692-VC, 2021 WL 3009518, at *1 (N.D. Cal. July 16, 2021); *see also Johnson v. Waterloo Enterprises, Inc.*, No. 2:16-cv-711-MCE (KJN), 2017 WL 5608110, at *4 (E.D. Cal. Nov. 21, 2017) ("Although Cal. Civ. Code § 52(a) may permit a plaintiff to obtain the minimum statutory damages for each obstructed visit to a facility, a plaintiff cannot simply visit a facility more often to increase the amount of potential statutory damages, which would violate principles of damages mitigation.").

On a motion for default judgment, the plaintiff has the burden to show that they are entitled to the relief they seek, and Johnson has not shown that the facts here support an award of statutory damages for multiple visits. Johnson alleges that he went to Lucretia Plaza three times (in April 2019, May 2019, and July 2020) "with the intention to avail himself of its goods or services motivated in part to determine if the defendants comply with the disability access laws." Compl. ¶ 8; *see* Dkt. 17-4, Johnson Decl. ¶ 5. Yet there is no evidence in the record that Johnson ever raised the issue of the parking barriers with anyone at Lucretia Plaza, nor is there any indication that he had reason to believe the barriers would be removed after his first visit, or after his second visit. Johnson is also a sophisticated plaintiff, having served as a plaintiff in hundreds of ADA cases in the Northern District of California alone. As another judge in this district recently held, "[i]t is not reasonable to award a sophisticated ADA plaintiff statutory damages for three separate visits when they have done nothing to communicate the access concerns to the defendant." *Mata*, 2021 WL

6

3009518, at *2 (reducing plaintiff's requested statutory damages from $12,000 to $4,000); *see also Garlic Farm Truck Ctr.*, 2021 WL 2457154, at *8 (reducing Johnson's request for statutory damages for three visits to one visit where it was "unclear why Mr. Johnson repeatedly visited [defendant's business] when he knew the business was in violation of the ADA" and there was no indication that he "had reason to expect the access barriers would be remedied between his visits"); *Johnson v. Monterey & Rancho Plaza*, No. 18-cv-05718-BLF, 2020 WL 5893319, at *9 (N.D. Cal. Oct. 5, 2020) (finding for similar reasons that "Mr. Johnson's request for statutory damages for four visits is unreasonable and that he is only entitled to statutory damages corresponding to one (1) visit to [defendant's] Restaurant"). The undersigned thus recommends that the award of statutory damages be limited to the first occasion that Johnson encountered the parking barriers at Lucretia Plaza (i.e., $4,000).

### 3. Attorneys' Fees

The ADA permits prevailing plaintiffs to recover reasonable attorneys' fees. *See* 42 U.S.C. § 12205. Fees are calculated by multiplying an attorney's hourly rate by the hours worked. Both the hourly rate and the hours worked must be reasonable. *See Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1158 (9th Cir. 2018).

Johnson is represented by attorneys from Potter Handy LLP (also known as the Center for Disability Access).[2] On the invoice for their work, counsel's billing rates are listed: $650/hour for Mark Potter (an attorney with 20-plus years of experience) and $400/hour for Faythe Gutierrez (an attorney with six years of experience). *See* Dkt. 17-3 at 7–8, Handy Decl. ¶¶ 2–6. Marcus Handy, a "legal assistant and paralegal" with 12 years of experience, billed $200/hour for his work, and other legal assistants at the firm billed $100/hour. *See id.*

Numerous judges in this district, including the undersigned and Judge Hamilton, have held that these rates are unreasonably high, given the routine and formulaic nature of the ADA cases litigated by Potter Handy LLP. *See Love v. Mustafa*, No. 20-cv-02071-PJH (AGT), 2021 WL

---

[2] Russell Handy, an attorney with Potter Handy LLP, submitted a declaration in support of Johnson's motion for default judgment in which he attests that he is "an attorney of record for the moving party, Plaintiff Samuel Love." Dkt. 17-3, Handy Decl. ¶ 1. The undersigned presumes the reference to Samuel Love was in error.

2905427, at *2 & n.2 (N.D. Cal. June 11, 2021) (collecting cases), *adopted*, No. 20-cv-02071-PJH, 2021 WL 2895957 (N.D. Cal. July 9, 2021). These same judges have noted that the evidence regularly submitted to support these rates, i.e., the 2010 Pearl declaration, the 2018 Real Rate Report, and the 2019 O'Connor declaration—which Johnson also relies on here—is not particularly persuasive. It is outdated (the Pearl declaration), is not focused on the market for ADA legal work (the 2018 Real Rate Report), or identifies a range of rates without establishing that Potter Handy LLP's rates should fall on the higher end of that range (the O'Connor declaration). Based on these factors, these judges have held that the following discounted rates are more appropriate: $475/hour (not $650/hour) for Mark Potter, and $300/hour (not $400/hour) for attorneys at Faythe Gutierrez's experience level. The undersigned uses the same reduced rates. As for the rate billed by counsel's legal assistants and paralegals, the undersigned finds that $100/hour (not $200/hour) is a reasonable rate. *See Johnson v. Shahkarami*, No. 20-cv-07263-BLF, 2021 WL 1530940, at *10 (N.D. Cal. Apr. 19, 2021) (holding, in another ADA case litigated by Potter Handy LLP, that $100/hour was a reasonable rate for paralegal fees).

Collectively, counsel and their legal assistants billed 6.45 hours, a modest amount of time that was reasonable under the circumstances. Of this, Mark Potter billed 0.74 hours, Faythe Gutierrez billed 2.72 hours, and legal assistants and paralegals billed 2.99 hours. When these hours are multiplied by the reduced rates above, the result is a fee award of $1,466.50. This amount, which is $609.50 less than the $2,076 award sought by Johnson's counsel, is reasonable and should be included in the judgment.

**4.     Costs**

The ADA permits a prevailing plaintiff to recover reasonable litigation costs. *See* 42 U.S.C. § 12205. The litigation costs incurred in this case, totaling $845, were reasonable and should also be included in the judgment.

### III.     CONCLUSION

The undersigned recommends that Judge Hamilton grant Johnson's motion, enter default judgment in the amount of $6,311.50 (consisting of $4,000 in statutory damages, $1,466.50 in attorneys' fees, and $845 in costs), and order defendant to provide a wheelchair-accessible parking

8

space at Lucretia Plaza, located at 1130 Lucretia Avenue, San Jose, California.

By October 26, 2021, Johnson must serve defendant with a copy of this report and file proof of service. Any party may object to the report within fourteen days of being served with a copy. *See* 28 U.S.C. § 636(b).

**IT IS SO RECOMMENDED.**

Dated:  October 21, 2021

ALEX G. TSE
United States Magistrate Judge